Jaycox, Manning and Young, JJ., concur. Settle order on notice before Mr. Justice Rich.

HERBERT L. SKINNER, Appellant, Respondent, v. CHARLES G. PHALEN, Respondent, Appellant.— Order reversed on the law, without costs, in so far as it grants the motion to set aside the service of the subpœna, and in all other respects affirmed. The action of the court in setting aside the subpœna because it was served a few hours before the notice was served was unnecessary. The action is pending. The subpœna was in the action, and should have been obeyed. If there was no sufficient notice to justify the examination, the examination could not proceed, and the subpœna falls with it. Blackmar, P. J., Rich, Kelly, Manning and Young, JJ., concur.

EMILY J. STEPHENSON, Plaintiff, v. HARRIET E. NAUMANN (JOSEPH C. MUIR, as Administrator, etc., of HARRIET E. NAUMANN, Deceased, Appellant). HENRY B. GEDNEY, Respondent.— Order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Manning and Young, JJ.

CARROLL S. THOMSON, as Administrator, etc., of MARGARET BALDWIN, Deceased, Respondent, v. HELEN DEAN, Appellant.— We agree with the learned Special Term that the appellant was in default; nevertheless, as a matter of discretion, the order is reversed and the motion granted upon condition that defendant, within five days after entry of the order of reversal, file a bond conditioned for the payment of the judgment, with interest and costs, in the event of its affirmance, and bring the case on for argument at the January, 1923, term of this court; otherwise, the order is affirmed, with ten dollars costs and disbursements. Rich, Jaycox, Manning, Kelby and Young, JJ., concur.

ELLEN S. WARREN, as Administratrix, etc., of FRANCIS J. WARREN, Deceased, Respondent, v. MORSE DRY DOCK AND REPAIR COMPANY, Appellant, Impleaded with Another, Defendant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ.

SOPHIE WEBER, Appellant, v. JOHN KOHOUT, Respondent.— Judgment reversed on the law and the facts, and new trial granted, costs to abide the event. In the light of the evidence adduced on the part of plaintiff, defendant's responsibility for the condition of the sidewalk was a question of fact for the jury. Rich, Jaycox, Manning, Kelby and Young, JJ., concur.

ANNA P. WHITE, Respondent, v. THE BROOKLYN CITY RAILROAD COMPANY, Appellant.— Judgment reversed on the facts, and new trial granted, with costs to abide the event, unless within twenty days plaintiff file a stipulation reducing the amount of the verdict to the sum of $10,000, and modifying the judgment accordingly. If such stipulation is filed, the judgment as so modified, is unanimously affirmed, without costs. Rich, Kelly, Jaycox, Manning and Young, JJ., concur.

THOMAS WHITE, Respondent, v. THE BROOKLYN CITY RAILROAD COMPANY, Appellant.— Judgment reversed on the facts, and new trial granted, with costs to abide the event, unless within twenty days plaintiff file a stipulation reducing the amount of the verdict to the sum of $3,000, and modifying the judgment accordingly. If such stipulation is filed, the judgment as so modified, is unanimously affirmed, without costs. Rich, Kelly, Jaycox, Manning and Young, JJ., concur.